UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Atlasnavios Navegacao Lda.,

    Plaintiff,

v.

                                                         Civil Action No.

Golden Ocean Trading Ltd.,

    Defendant,

and

Glencore Ltd.,

    Garnishee.

_____X

**VERIFIED COMPLAINT IN ADMIRALTY AND REQUEST FOR
ISSUANCE OF MARITIME ATTACHMENT AND GARNISHMENT**

    Atlasnavios Navegacao Ltda. ("Atlasnavios") brings this action against Golden Ocean Trading LTD ("GOTL"), *quasi in rem* pursuant to Supplemental Admiralty and Maritime Rule B for issue of writs of maritime attachment and garnishment, and states as follows:

**JURISDICTION AND VENUE**

    1.    This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    2.    This complaint is further brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in assistance of London maritime arbitration proceedings pursuant to 9 U.S.C. § 8.

3. Venue is proper in this District because the Garnishee is located and can be found in this District. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## THE PARTIES

4. Atlasnavios, a Portuguese company, is the owner of the vessel M/V B INDONESIA, which Atlasnavios chartered to GOTL.

5. GOTL is a British Virgin Islands company with its principal place of business in Tortola.

6. At all material times, Garnishee Glencore Ltd. ("Glencore") was and is an entity with offices located in this District. On information and belief, Atlasnavios reasonably believes that Garnishee holds accounts which are the property of and/or owing to GOTL.

## FACTS

7. On or about November 5, 2010, GOTL entered into an amended NYPE form charterparty with Atlasnavios (the "Charter"), pursuant to which Atlasnavios agreed to charter the M/V B INDONESIA ("Vessel") to GOTL for a one time trip from the Columbia River, Portland, Oregon to Iraq.

8. On or about April 24, 2012, GOTL submitted its claim in arbitration for damages allegedly resulting from certain breaches of the charter terms by Atlasnavios.

9. Atlasnavios provided a letter of undertaking to GOTL in exchange for GOTL's agreement not to arrest or otherwise attach the Vessel or any other of Atlasnavios' vessels for claims arising out of the charter. Nevertheless, on or about March 2, 2015, GOTL caused to be

2

arrested in Panama, a vessel claimed to be owned, chartered or managed by Atlasnavios, claiming further security, which Atlasnavios provided.

10. Atlasnavios has filed its defenses and counterclaim in arbitration, claiming that certain amounts due had not been paid. The defenses and counterclaim, as well as the underlying contract and controlling English law, require GOTL to pay all of Atlasnavios' legal fees and expenses, in defense of GOTL's claims and to prosecute Atlasnavios' claims, including, all legal fees expended in this action and in the Panama action. Atlasnavios further is owed, in addition to those attorneys' fees and costs, a further USD 26,883 for charter hire and related costs of the charter to GOTL of the Vessel.

## Count I – Breach of Maritime Contracts

11. Atlasnavios incorporates the above paragraphs as if fully set forth herein.

12. GOTL has breached its maritime contracts as set out above. Despite repeated demand, Atlasnavios remains unpaid.

13. Atlasnavios therefore demands judgment, as set out more fully below.

## Count II – Maritime Attachment and Garnishment (Rule B)

14. Atlasnavios incorporates the above paragraphs as if fully set forth herein.

15. Atlasnavios seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration including its contractual attorneys' fees and costs. No security for Atlasnavios's claims has been posted by GOTL or anyone acting on its behalf to date.

16. GOTL cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to Glencore.

WHEREFORE, Atlasnavios prays:

A. That process in due form of law issue against GOTL, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since GOTL cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of GOTL's tangible or intangible property or any other funds held by any garnishee, which are due and owing to GOTL up to the amount of at least **$750,000** to secure Atlasnavios' claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C. That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That upon attachment of the amount demanded, that this Court stay this action pending outcome of the parties' arbitration, and this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

E. That Plaintiff may have such other, further and different relief as may be just and proper.

/

/

/

By: _____
Charles E. Murphy, Esq. (D.Conn. 18784)

Anne C. LeVasseur, Esq. (D.Conn. 26757)
LENNON, MURPHY & PHILLIPS, LLC
Tide Mill Landing
2425 Post Road, Suite 302
Southport, CT 06890
(203) 256-8600
cem@lmplaw.net
acl@lmplaw.net


_____
J. Stephen Simms (pro hac vice applied for)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
(410) 783-5795
jssimms@simmsshowers.com

## **VERIFICATION**

J. Stephen Simms certifies as follows under penalties of perjury:

1. I am counsel to Plaintiff, have read the foregoing Complaint and believe the contents thereof are true.

2. The reason this Verification is made by deponent and not by Plaintiff in that Plaintiff is foreign corporation, no officers or directors of which are within this jurisdiction.

3. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

4. The Defendant is not incorporated or registered to do business in this State.

5

5. Searches were conducted of the Connecticut Secretary of State, Division of Corporations, telephone assistance in Connecticut, the internet Yellow Pages, and Google (searching for "Golden Ocean Trading Limited"), including a national search of "Golden Ocean Trading Limited" using the Lexis/Nexis comprehensive search database of resident agents and corporate filings. The searches did not show any listing or reference to Defendant or any agent of Defendant in this District or any adjacent District.

6. In the circumstances, I believe the Defendant cannot be "found" within this district or in any "convenient adjacent jurisdiction" in the United States, and that further, the garnishees by reasonable investigation, and information and belief, hold property of Defendant

> Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct. Executed on May 24, 2015
>
> _____
> J. Stephen Simms (pro hac vice applied for)
> Simms Showers LLP
> 201 International Circle, Suite 250
> Baltimore, Maryland 21030
> (410) 783-5795
> jssimms@simmsshowers.com